[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #105 MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY ONLY
This matter concerns an action to collect an alleged debt owed to the Plaintiff; by the Defendant. The Plaintiff alleges in its Complaint dated, June 18, 2001, that on or about January 5, 1998, it sold Internet and/or Yellow Pages and/or White Pages and/or Business to Business telephone directory advertising to the Defendant United Realty Group, Inc. The Plaintiff alleges that as a result of the aforementioned CT Page 13343 transaction, the Defendant owes the Plaintiff in excess of five thousand dollars ($5,000.) for said advertising, plus attorney's fees and other costs of collection. The Plaintiff further alleges that although demand was made, the Defendant failed, refused and/or neglected to pay the aforementioned debt.
By way of an Answer, filed on August 22, 2001, the Defendant denied "the allegations contained in the Plaintiffs complaint."
The Plaintiff filed a Certificate of Closed Pleadings on August 27, 2001, and requested a Court Trial.
By way of a pleading dated August 29, 2001 and filed August 31, 2001, the Plaintiff Moved for Summary Judgment as to Liability Only. The Plaintiff did not file a supporting Memorandum of Law with the Motion for Summary Judgment, but did file an Affidavit in Support of the Motion and a copy of the Contract that is the subject of the underlying dispute between the parties. The Court notes that the Defendant did not file an Objection to the Motion for Summary Judgment or any other responsive pleading to said motion.
Sections 17-44 and 17-45 of the Connecticut Practice Book concern Motions for Summary Judgment. These sections provide as follows:
Sec. 17-44. Summary Judgments; Scope of Remedy
 In any action, except administrative appeals which are not enumerated in Section 14-7, any party may move for a summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action. The pendency of a motion for summary judgment shall delay trial only at the discretion of the trial judge.
 Sec. 17-45. Proceedings upon Motion for Summary Judgment
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short CT Page 13344 calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
As to Section 17-44, the movant in its motion states that the matter "has not yet been placed on the assignment list". As previously stated herein, the matter was placed on the Assignment List on August 27, 2001, the day that Plaintiff filed the Certificate of Closed Pleadings. Although the matter is on the Assignment List, the Plaintiff has not "obtain[ed] the judicial authority's pennission to file a Motion for Summary Judgment, however, although the pleadings are closed and this matter is on the Assignment List, the case has not actually been assigned for trial, therefore the permission of the judicial authority is not necessary at this time.
As to Section 17-45, while the Plaintiff has file an Affidavit in Support of the Motion for Summary Judgment the Defendant has not filed any opposing affidavits or any other documentary evidence.
Section 11-10 of the Connecticut Practice Book concerns Motions for Summary Judgment. This section provides that:
 A memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with the following motions and requests: (1) motions regarding parties filed pursuant to Sections 9-18 through 9-22 and motions to implead a third-party Defendant filed pursuant to Section 10-11; (2) motions to dismiss except those filed pursuant to Section 14-3; (3) motions to strike; (4) motions to set aside judgment filed pursuant to Section 17-4; and (5) motions for summary judgment. Memoranda of law may be filed by other parties on or before the time the matter appears on the short calendar. (emphasis added)
As was previously noted the moving party in this matter did not file a Memorandum of Law in Support of the Motion for Summary Judgment. However, even if the Plaintiff had filed the requisite Memorandum of CT Page 13345 Law, the Motion for Summary Judgment must still be denied because the Plaintiff has not met its burden concerning the standards for obtaining a Motion for Summary Judgment. It is well settled law in this state that:
 . . . Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
In the instant action, the Plaintiff asserts in paragraphs one and two of its motion that:
 The motion for summary judgment is appropriate in this case as no question of fact exists as to this Defendant's liability although questions of fact may exist as to the extent of damages . . . By Answer dated AUGUST 20, 2001, the Defendant simply pleads a general denial as to all paragraphs of both Counts of the Complaint.
As stated by the Plaintiff; the Defendant has filed a denial to the allegations of the its Complaint. In viewing the evidence in the light most favorable to the nonmoving party, the Court finds that based on the fact that such a denial was filed, genuine issues material facts are in dispute. In light of such a finding, the Motion for Summary Judgment must be, and is denied.
Richard A. Robinson, J.